IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM WOLF, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civ. No. 8:21-cv-01443-PX |
| P.J.K. FOOD SERVICE, LLC, *et al.*, | * | |
| Defendants. | * | |

\*\*\*\*\*\*

**MEMORANDUM OPINION**

Pending before the Court is the motion to dismiss for improper venue, or alternatively, to transfer the action, filed by Defendant Harvest Sensations, LLC (ECF No. 16).  The motion is fully briefed, and no hearing is necessary.  *See* Loc. R. 105.6.  For the reasons stated below, the motion is DENIED.

I.      **Background**[1]

This case arises from a wedding celebration gone awry when multiple guests fell ill days after eating the food served at the reception.  Plaintiffs William Wolf, Alexandra Wolf, Susan Wolf, Elizabeth Guarisco, Candace Hersch, Elizabeth Thorsey, Robert Shlien, Scott Kasprowicz, and Glenn Epstein (collectively, "Plaintiffs"), all consumed food and drinks at the wedding that contained basil contaminated with the parasite, Cyclospora.  ECF No. 1 ¶¶ 53–60.  Over the next few days, Plaintiffs experienced the same flu-like symptoms consistent with having ingested the parasite.  *Id.* ¶¶ 50–60.

---

[1] The Court takes the following facts as alleged in the Complaint as true and construes the record most favorably to Plaintiffs.  *See Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) ("In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.") (citing *De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991)).

Occasions Caterers provided the food and beverage service at the wedding, which took place in Marshall, Virginia.  *Id.* ¶¶ 45–46.  Occasions is owned by Defendant Compass Group USA, Inc. ("Compass"), a Delaware corporation with its principal place of business in North Carolina.  *Id.* ¶ 16.  Plaintiffs Alexandra and William Wolf entered into a services contract with Compass for Occasions to supply the food and beverages at the wedding.  *Id.* ¶ 46.

Defendant P.J.K. Food Service, LLC ("P.J.K. Food"), a Delaware corporation with its principal place of business in Landover, Maryland, owns and operates Keany Produce Company ("Keany Produce").  *Id.* ¶ 10.  Defendant Harvest Sensations, LLC ("Harvest"), also a Delaware corporation headquartered in Florida, grows and imports produce items throughout the United States, including Maryland.  *Id.* ¶ 14–15.  Harvest imported the basil, then sold it to Keany Produce, which, in turn, sold it to Occasions.  ECF No. 1 ¶¶ 43, 50–51, 81.

On June 10, 2021, Plaintiffs filed suit against Compass, P.J.K. Food, and Harvest, alleging strict liability, negligence, and breach of warranty as to all three Defendants.  *Id.* ¶¶ 61–115.  Plaintiffs also bring a breach of contract claim against Compass.  *Id.* ¶¶ 116–121.  Compass and P.J.K. Food answered the Complaint, ECF No. 17, 24, while Harvest moved to dismiss for improper venue, contending that, at a minimum, the case should be transferred to the Eastern District of Virginia.  ECF No. 16.

## II.     Standard of Review

A motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint.  *See Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted).  A complaint need only satisfy the standard of Rule 8(a), requiring a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The complaint must make some factual

showing, "rather than a blanket assertion[] of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).

In reviewing a motion to dismiss under Rule 12(b)(6), the Court accepts "the well-pled allegations of the complaint as true," and construes all facts and reasonable inferences in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).   A complaint's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.  The complaint must include facts that render the plaintiff's claims facially plausible or permit the reasonable inference that she is entitled to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

### III.    Discussion

#### A.    Venue

Harvest argues that venue is improper in this District because the Complaint fails to allege facts demonstrating that a "substantial part" of the events underlying the action occurred in Maryland.  ECF No. 16-1 at 3.  Harvest specifically maintains that venue lies in the Eastern District of Virginia, principally because the Plaintiffs consumed the contaminated basil at the wedding held within that District. *Id.*  "[W]hen venue is challenged by a motion to dismiss, the plaintiff bears the burden of establishing that venue is proper." *Jones v. Koons*, 752 F. Supp. 2d 670, 679–80 (D. Md. 2010) (quoting *Gov't of Egypt Procurement Office v. M/V Robert E. Lee*, 216 F. Supp. 2d 468, 471 (D. Md. 2002)).  This burden, however, is not onerous.  The Complaint need only make a prima facie showing that venue lies in the judicial district. *CareFirst, Inc. v. Taylor*, 235 F. Supp. 3d 724, 732 (D. Md. 2017) (citing *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004)).  In reviewing a complaint for proper venue, the Court draws all inferences in

favor of the plaintiff and evaluates the facts "'as [she] most strongly can plead them.'" *Tusha v. Greenfield*, No. GLR-20-2143, 2021 WL 1530211, at *3 (Apr. 19, 2021) (quoting *Three M. Enters., Inc. v. Tex. D.A.R. Enters., Inc.*, 368 F. Supp. 2d 450, 454 (D. Md. 2005)).  Importantly, venue may lie in more than one district, and the plaintiff's chosen forum need not be the "best" forum to bring the action.  *Seidel v. Kirby*, 296 F. Supp. 3d 745, 752 (D. Md. 2017); *see also Mitrano*, 377 F.3d at 405.

Plaintiffs argue venue is proper under § 1391(b)(2) because a "substantial part" of the underlying claim occurred in this District.  ECF No. 21 at 3–4.  In deciding what constitutes a "substantial part" of the underlying claim, the Court evaluates "the entire sequence of events" supporting the allegations, not just "those matters that are in dispute or that directly led to the filing of the action."  *Mitrano*, 377 F.3d at 405. (citation and quotations omitted).

Applying these principles here, Plaintiffs have met their burden of demonstrating that venue lies in this District.  *See id.*  As plainly stated in the Complaint, each Defendant engaged in the purchase, sale, or handling of the basil in Maryland.  Harvest is alleged to have imported the basil, and then sold and shipped it to Keany Produce in Landover, Maryland.  Keany Produce stored the basil in Landover, and ultimately sold it to Compass.  ECF No. 1 ¶¶ 43–45.  As to each Defendant, Plaintiffs further allege that their mishandling of the basil violated Maryland law, and ultimately caused the averred injuries.  *See* ECF No. 1 ¶¶ 74, 92, 110.  Viewing the facts in the Complaint as true and most favorably to Plaintiffs, the Court concludes that a "substantial part" of the "sequence of events underlying the claim" occurred in this District.[2]  *See Mitrano*, 377 F.3d at 405 (citation omitted).

---

[2] Plaintiffs also assert that venue is proper under § 1391(b)(3) because Keany Produce is a subject to personal jurisdiction in Maryland and "there is no district in which an action may otherwise be brought." 28 U.S.C. § 1391(b)(3).  Because the Court finds venue proper under § 1391(b)(2), it need not reach this alternative argument.

Harvest, in response, presses that the Complaint fails to establish venue because no facts make plausible that Plaintiffs had any contact with Keany Produce, the sole Defendant with a physical presence in Maryland.  ECF No. 16-1 at 3.  Harvest's argument confuses questions of personal jurisdiction with venue.  *Cf.* 28 U.S.C. § 1391(b)(1)–(3).  To establish proper venue under § 1391(b)(2), Plaintiffs' contacts with the chosen forum are not dispositive.  Moreover, contrary to Harvest's position, venue turns not on whether "everything relevant" to this case occurred in Maryland, but whether a "substantial part" of Defendants' acts or omissions giving rise to Plaintiffs' claim took place in the judicial district.  *Seidel*, 296 F. Supp. 3d at 752.  Receiving, storing, and distributing the contaminated basil, as alleged, constitutes a substantial part of the averred wrongdoing.  Thus, Harvest's motion to dismiss for lack of venue is denied.

B.      **Transfer**

The Court next turns to Harvest's alternative request to transfer the action to the Eastern District of Virginia pursuant to 28 U.S.C. § 1406 or § 1404(a).  Because the Court has found that venue is proper in this District, the requested transfer is governed by 28 U.S.C. § 1404(a).  *Compare* 28 U.S.C. § 1404(a) *with* 28 U.S.C. § 1406.  Under § 1404(a), the Court must consider four factors when deciding the propriety of a transfer request:  (1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interests of justice.  *Trs. of the Plumbers and Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015); *see* 28 U.S.C. § 1404(a).  The plaintiff's chosen forum "is ordinarily accorded considerable weight," *Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d 615, 617 (D. Md. 2002), and should be honored "unless the balance of factors 'is strongly in favor of the defendant.'"  *Mamani v. Bustamante*, 547 F. Supp. 2d 465,

469 (D. Md. 2008) (citation omitted).  Whether to grant a transfer request remains within the sound discretion of the Court.  *In re Ralston Purina Co.*, 726 F.2d 1002, 1005 (4th Cir. 1984).

Balancing the four factors, the Court finds no reason to deprive Plaintiffs of their chosen forum.  As to the first factor, Plaintiffs defend this forum as the "natural" location for suit because Defendants' mishandling of the contaminated basil likely occurred in Maryland.  ECF No. 21 at 5.  The Court accords Plaintiffs' choice in that regard substantial weight.  *See Lynch*, 237 F. Supp. 2d at 617.

As to the second factor, Plaintiffs allege the contaminated basil was bought, sold, and shipped in Maryland, making this District a suitable location for access to relevant witnesses.  As to the third factor, to the extent that Harvest alleges this forum is inconvenient for its Florida-based company, it makes little sense that a courthouse in the Eastern District of Virginia—located about 30 minutes by car from this District—will be any more convenient than litigating the case here.  At best, this factor is a wash.

And lastly, the interests of justice do not warrant transfer.  "[T]he interest of justice factor is intended to encompass all those factors bearing on transfer that are unrelated to convenience of witnesses and parties."  *D2L Ltd. v. Blackboard, Inc.*, 671 F. Supp. 2d 768, 783 (D. Md. 2009) (quoting *Howard Univ. v. Watkins*, No. DKC 2006-2076, 2007 WL 763182, at *5 (D. Md. Mar. 12, 2007)).  This factor weighs substantially in favor of transfer when "a related action is pending in the transferee forum."  *Id.*  No such related action is pending in the Eastern District of Virginia or any other forum for that matter.  Harvest also offers nothing as to why the interests of justice supports transfer.   Accordingly, the Court declines to transfer the case.

**IV.    Conclusion**

For the foregoing reasons, Harvest's motion to dismiss (ECF No. 16) is denied.  A separate order follows.

October 27, 2021                                        ___/s/_____
Date                                                           Paula Xinis
                                                                  United States District Judge